# UNITED STATES DISTRICT COURT

# DISTRICT OF NEW MEXICO

**UNITED STATES OF AMERICA,**

    **Plaintiff,**

                          **Case No. 19-cr-00941-MV**

**CELSO MASCARENAS,**

    **Defendant.**

## ORDER DENYING DEFENDANT'S EXPEDITED MOTION FOR A FURLOUGH TO ATTEND FUNERAL

**THIS MATTER** is before the Court on defendant Celso Mascarenas's Expedited Motion for a Furlough to Attend Funeral, filed on July 10, 2024. Doc. 96. Both the United States and Mr. Mascarenas's probation officer oppose the motion. *Id*. at 2. For the following reasons, the Court DENIES Mr. Mascarenas's motion.

On June 20, 2022, Mr. Mascarenas's probation officer filed a Petition for Revocation of Supervised Release. Doc. 83. The petition alleges that Mr. Mascarenas was ordered to participate in an inpatient substance abuse treatment program, and that he was released from custody and reported to an inpatient program on June 6, 2022. *Id.* at 1. Two weeks later, Mr. Mascarenas walked away from the program without permission. *Id.* A warrant was issued, and Mr. Mascarenas was given an opportunity to voluntarily surrender himself, which he did not do. Doc. 84 at 1. Mr. Mascarenas was arrested nearly two years later, in May, 2024.

On May 13, 2024, the Court held a detention hearing. Doc. 93. At the hearing, Mr. Mascarenas waived his right to contest his detention. Doc. 92. The Court found that by this waiver, Mr. Mascarenas had failed to establish by clear and convincing evidence under Fed. R.

Crim. P. 32.1(a)(6) that he would not flee or pose a danger to any other person or the community. Doc. 94.  Mr. Mascarenas's final revocation hearing is set for July 23, 2024.  Doc. 95.

Mr. Mascarenas now seeks temporary release from custody on July 13, 2024, under 18 U.S.C. § 3142(i), so that he can attend the funeral of his significant other's child.  Doc. 96 at 1. Mr. Mascarenas has not presented the Court with sufficient reasons to warrant his release.

Mr. Mascarenas bears the burden of proof under § 3142(i) in showing that his temporary release is "necessary . . . for another compelling reason."  *See United States v. Clark*, 448 F. Supp. 3d 1152, 1155 (D. Kan. Mar. 25, 2020); *United States v. Reese*, 2012 WL 13080791, *2 (D.N.M. Apr. 2, 2012).  The Court has not found a case in this District or Circuit that suggests that the desire to attend a loved one's funeral is a "compelling" reason for temporary release within the meaning of the statute.  Further, many detained defendants lose loved ones while in custody.  Temporary release to attend funerals would drastically increase the use of § 3142(i) and is not a "compelling" reason that justifies temporary release under that statute.  *See United States v. Alderete*, 336 F.R.D. 240, 266 (D.N.M. 2020) (relief under § 3142(i) should be used sparingly).

In addition, as Judge Browning explained:

The decision whether to release a defendant temporarily under § 3142(i) is . . . intertwined with the factors that the . . . judicial officer consider(s) at the defendant's detention hearing[] because the risk of nonappearance and danger to the community are front and center in the judicial officer's mind as he or she decides how compelling the defendant's reason for temporary release is.  These factors never go away.

*Alderete*, 336 F.R.D. at 269.  Mr. Mascarenas makes no effort to show under Rule 32.1(a)(6) that he will not flee or pose a danger to any other person or the community if he is temporarily released.  In fact, the evidence is to the contrary.  Mr. Mascarenas walked away from an inpatient

treatment program and absconded from supervision for nearly two years, which suggests that he is a flight risk.  His underlying conviction in this case is for possession of fentanyl with the intent to distribute it.  Doc. 81.  His prior convictions include multiple residential burglaries, unlawful taking of motor vehicles, larceny, and possession of a controlled substance.  Doc. 71 at 8–13.  Mr. Mascarenas is in criminal history category VI.  *Id.* at 13.  This criminal history supports the Court's conclusion that Mr. Mascarenas is a danger to the community.

**IT IS THEREFORE ORDERED** that defendant Celso Mascarenas's Motion for a Furlough to Attend Funeral (Doc. 96) is denied.

DATED:  July 11, 2024.

_____
Laura Fashing
United States Magistrate Judge